**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DUKE HENDERSON, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 3:09-CV-0119 PS |
| CORRECTIONAL SERGEANT PHILLIPS, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Duke Henderson is a state prisoner who alleges that correctional officers did not honor his medical pass for a bottom bunk on the housing unit's ground floor, and then beat him savagely in retaliation for filing a grievance about the incident. Henderson is currently confined at the Pendleton Correctional Facility ("PCF"). According to his complaint, filed pursuant to 42 U.S.C. § 1983, the incidents he complains of occurred while he was confined at the Miami Correctional Facility ("MCF").

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *id.*

The pleading standards in the context of a motion to dismiss for failure to state a claim

are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Two weeks after *Twombly,* the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson* the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. The Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Id*. at 2200. The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* In an effort to reconcile *Twombly* and *Erickson* the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

Henderson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has

2

been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In count I of his complaint, Henderson states that on January 16, 2008, he was given a medical transfer from the PCF the MCF. He alleges that MCF correctional officers Rish, Brown, Heishman, Phillips, Loftis, Burke, and Goodlowe ignored his disability and medical need by dishonoring his doctor's order for a lower bunk on the housing unit's ground floor and by forcing him to sleep on the floor without a mattress for two weeks. In count II of his complaint he alleges that on February 16, 2008, he "was brutally attacked, and assaulted by defendants Phillips, Heishman, Brown, and Greis, etc." (Complaint at p. 4(a)). He states that these defendants brutally threw him to the floor and that:

> Defendants Brown, Gries, and Heishman, kicked, punched, choked, and stomped Plaintiff, while completely subdued on the ground by Defendants. Defendant Heishman applied a deadly violent illegal Police type choke hold around the Plaintiff's neck and windpipe inhibiting Plaintiff's ability to breath[e], with Defendant Heishman's right arm brutally choking Plaintiff while simultaneously spraying o.c. pepper gas directly into Plaintiff's eyes, face, nose, and mouth. Plaintiff begged and pleaded with the Defendants that he was not resisting. Plaintiff could not breath[e] form (sic) being gassed and choked and Defendants ignored the plaintiff's pleas. They (sic) Defendants continued to sadistically assault Plaintiff with kicks, stomps, and punches. While Plaintiff was in total submission, and posing no threat e.g. Defendant Heishman persisted to choke and gas the Plaintiff to the point of unconsciousness. Prior to plaintiff losing consciousness, Plaintiff recall[s] his right arm being forcefully bent behind his back by Defendants Brown and Gries. With violent malicious and sadistic "force and intent" in which Defendants applied the full weight of their knees to the Plaintiff's arm, causing it to break at the elbow.

Complaint at p. 4(b). In claims II and III of his complaint, Henderson alleges the officers beat him in retaliation for having filed grievances against them for the events described in count I.

The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). A violation of the Eighth

3

Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A correctional officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether an officer used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. at 321-22. "Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. at 6-7.

To establish a retaliation claim, a plaintiff must establish first that he engaged in a constitutionally protected activity, and second that engaging in that activity was a substantial or motivating fact in the defendant's actions against him. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. *Dixon v. Brown*, 38 F.2d

4

379 (8th Cir. 1994); *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989). To state a claim for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994); *Geder v. Godinez*, 875 F.Supp. 1334, 1338 (N.D. Ill. 1995).

"The Federal Rules of Civil Procedure establishes a 'notice' system of pleading in the federal courts." *Zykan v. Warsaw Community School Corp.*, 631 F.2d 1300, 1309 (7th Cir. 1980). A complaint need only "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests,'" and does so by including enough factual allegations to "raise a right to relieve above the speculative level." *Bell Atlantic*, 550 U.S. at 555. Giving the plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, I find that Henderson's complaint has properly raised a claim that the defendants 1) disregarded his medical pass and made him sleep on the floor without a mattress; 2) used excessive use of force under the standards set forth in *Hudson v. McMillian* and *Whitley v. Albers*; and 3) beat him in retaliation for filing a grievance about the way they treated him.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants for damages in their personal capacities;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **DIRECTS** the marshals service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED**.

ENTERED: May 6, 2009

                                                      /s Philip P. Simon
                                                      Philip P. Simon, Judge
                                                      United States District Court