UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DUKE HENDERSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 3:09-CV-119-PPS-CAN |
| SGT. PHILLIPS, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' motion for summary judgment [DE 32]. Henderson has filed a response [DE 39]. Defendants did not reply. For the reasons discussed below, Defendants' motion is **DENIED**.

## DISCUSSION

Duke Henderson, a *pro se* prisoner currently confined at the Pendleton Correctional Facility, was granted leave to proceed against the defendant officers at the Miami Correctional Facility ("MCF") on his claims that, while he was confined at the MCF, Defendants were deliberately indifferent to his medical pass for a bottom bunk, and that they used excessive force in beating him in retaliation for complaining about this event [DE 13]. Defendants contend they are entitled to summary judgment on each of these claims, on the narrow ground that Henderson did not exhaust his administrative remedies, as required by 42 U.S.C. §1997e(a) [DE 32].

### I. Applicable Law

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The standard for reviewing a summary judgment motion is the same regardless of whether

a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

Prisoners complaining about prison conditions must first exhaust their administrative remedies before bringing a claim to federal court. The pertinent statute, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, this statute requires that Henderson utilize whatever administrative grievance system was available to him before filing a lawsuit in federal court, and this exhaustion requirement applies individually to each of his claims. *See Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); *Kaba v. Stepp*, 458 F.3d 678, 683-84 (7th Cir. 2006); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires the dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000).

Prison officials, however, "may not take unfair advantage of the exhaustion requirement, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Kaba*, 458 F.3d at 684 (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To be sure, "[w]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is forfeited rather than unavailable." *Id.* But "when prison officials prevent inmates from using the administrative process . . . the process that exists on paper becomes unavailable in reality." *Id.* Thus, where prison officials render a grievance remedy "unavailable" by mishandling a prisoner's grievance, the inmate is excused from the exhaustion requirement.

2

*Woodford*, 548 U.S. at 102 ("If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust."); *Dole*, 438 F.3d at 809; *Kaba*, 458 F.3d at 684.

Defendants' contention that Henderson failed to exhaust his administrative remedies is an affirmative defense that they have the burden of proving. *See Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

## II. Deliberate Indifference Claim

Defendants have not met their burden of proving that Henderson did not properly exhaust his administrative remedies with respect to his claim that Defendants were deliberately indifferent to his medical need for a bottom bunk.

As Defendants concede, Henderson filed multiple grievances complaining about his medical need for a bottom bunk bed [DE 34-2, ¶¶ 18-20]. Prison officials rejected these as improper, stating that Henderson could not properly contest his bed assignment through the grievance process [DE 34-2, ¶¶ 9-10]. Defendants maintain that Henderson could pursue this issue only by submitting an appeal to the prison's "classification system" [*Id.*]. Defendants add that Henderson never filed a classification appeal dealing with this issue [DE 34-4, ¶ 4]. They conclude that Henderson failed to exhaust because he never pursued a classification appeal [DE 34 at 9].

Henderson's response, however, shows that no such remedy was available to him. Henderson states, under penalty of perjury, that IDOC's classification policy provides that the prison's "Classification Department cannot and will not accept and/or consider an appeal which pertains to bunk assignments based on medical reasons" [DE 39 at 14]. Defendants have not presented any evidence to dispute this. Therefore, Henderson's description of the policy is accepted as an undisputed fact.

The undisputed evidence shows that Henderson tried to use the grievance process to pursue

3

his medical need for a bottom bunk, but that his grievances were rejected because this issue supposedly was not grievable. The undisputed evidence also shows that even though Henderson was told to use the classification appeal process, prison policy did not permit him to do so. Because the evidence demonstrates that there were no administrative remedies available to Henderson, Defendants are not entitled to summary judgment on Henderson's claim that Defendants were deliberately indifferent to his medical need for a bottom bunk.

## III. Excessive Force and Retaliation Claims

Defendants are also not entitled to summary judgment on Henderson's excessive force and retaliation claims because Henderson has presented evidence sufficient to establish that MCF officials handled his grievances in such a way as to render administrative remedies for these claims unavailable to him.

Henderson filed grievances relating to the events which he says gave rise to his excessive force and retaliation claims on February 21, 2008 and February 27, 2008 [DE 39-1 at 6; DE 1-2 at 2]. Both grievance forms are signed by Henderson and include detailed narratives regarding the alleged beating [*Id*.].

Defendants argue that Henderson did not properly exhaust because these grievances were deficient. Specifically, Defendants state that the February 21, 2008 grievance was deficient because (1) Henderson did not indicate his effort to informally resolve the issue; (2) the relief sought was not available through the grievance process; and (3) Henderson's counselor's signature was missing from the form [DE 34, ¶ 20]. Defendants state that the February 27, 2008 grievance was rejected because (1) Henderson did not indicate his effort to informally resolve the issue; and (2) the grievance concerned a classification or disciplinary hearing action [*Id*., ¶ 21]. Defendants add that remedies for these claims were available to Henderson, if only he had filed a proper grievance [*Id*.,

4

¶ 22].

Defendants' argument that Henderson failed to document his effort to informally resolve the issue is groundless. Henderson's February 21, 2008 and February 27, 2008 grievances—which Henderson provides, but Defendants do not—plainly show that Henderson did document his efforts to reach an informal resolution [DE 39-1 at 6; DE 1-2 at 2]. Both grievance forms include a section entitled "Informal Complaint," which instructs the prisoner to explain the steps taken to try to resolve the issue informally [*Id.*]. Henderson completed that section on each form, including by providing a narrative of the steps he took to reach an informal resolution, and listing the names of the staff persons who assisted him in attempting to resolve his grievance informally [*Id.*].

Defendants' argument that the relief Henderson sought was not available through the grievance process is similarly without merit. The relief that Henderson sought in his February 21, 2008 grievance was the investigation and temporary suspension of the officers he says attacked him [DE 39-1 at 6]. Defendants have not submitted any information on the prison's administrative remedies indicating that this relief was not available through the grievance process. On the contrary, Clair Retek, an MCF employee, states that the remedies available to a prisoner who establishes that correctional officers used excessive force or retaliated against him include "disciplinary action, up to and including dismissal" [DE 34-2, ¶ 13].

Defendants' argument that Henderson's February 21, 2008 grievance improperly omits a signature from his counselor also fails. The grievance form does not contain a line for such a signature [DE 39-1 at 6]. Moreover, Henderson filled out the form completely, including by providing his name, and the names of the officers he had dealt with in his attempt to reach an informal resolution [*Id.*]. Requiring a signature without providing a signature line on the form to

5

indicate whose signature is needed is the sort of maneuver that sandbags unsuspecting inmates, depriving them of their right to seek redress in federal court for violations of their constitutional rights. *See Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002) ("no prison system may establish a [grievance] requirement inconsistent with the federal policy underlying § 1983 and § 1997e(a)").

As for Defendants' rejection of Henderson's February 27, 2008 grievance on the ground that he should have filed a classification or disciplinary appeal, Defendants provide no evidence that prisoners' excessive force claims must be grieved through the prison's classification or disciplinary processes. Quite the opposite, Retek states in her declaration that "DOC rules permit an offender to file a grievance complaining [that] corrections staff used excessive force against him" [DE 34-2 ¶ 11].

Because Defendants' bases for rejecting Henderson's grievances are improper, Defendants have failed to show that Henderson did not properly exhaust his administrative remedies relating to his excessive force and retaliation claims.

By improperly rejecting Henderson's grievances relating to his deliberate indifference, excessive force and retaliation claims, MCF personnel rendered the grievance process unavailable to him. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting"). And where prison officials render a grievance remedy unavailable by mishandling the grievance, the inmate is excused from the exhaustion requirement. *Woodford*, 548 U.S. at 102 ("If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust."); *Dole*, 438 F.3d at 809; *Kaba*, 458 F.3d at 684.

Accordingly, because administrative remedies were unavailable to Henderson, § 1997e(a)'s

purpose has been satisfied, and this case may now proceed to pretrial discovery, and if necessary a trial on the merits.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion for summary judgment [DE 32] and **LIFTS** the discovery stay.

**SO ORDERED**.

ENTERED: September 29, 2010             /s/ Philip P. Simon
                                                                       PHILIP P. SIMON, CHIEF JUDGE
                                                                       UNITED STATES DISTRICT COURT