# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| DUKE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:09cv119 PPS |
| | ) | |
| SERGEANT PHILLIPS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Duke Henderson, a prisoner currently confined at the Pendleton Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983 dealing with events that occurred while he was confined at the Miami Correctional Facility. I screened the complaint pursuant to 28 U.S.C. § 1915A, and granted Henderson leave to proceed against the Defendants on his claims that they ignored his serious medical needs and used excessive force on him in retaliation for filing a grievance [DE 13]. Henderson has now requested leave to file an amended complaint, in which he repleads his original claims and seeks to add as defendants Correctional Officers Strayer, Bales, Williams, and Pickard, who were members of the response team on February 16, 2008. This matter is before the Court pursuant to Henderson's motion for leave to amend his complaint [DE 86], and the Court's statutory screening obligation. *See* 28 U.S.C. § 1915A.

Federal Rule of Civil Procedure 15(a) provides that leave to amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F. 3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993). Section § 1915A requires the court to screen proposed amended complaints submitted by prisoners suing the state or its

officials. *Zimmerman v. Hoard*, 5 F. Supp.2d 633, 635 (N.D. Ind. 1998).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

In his proposed amended complaint [DE 86-1], Henderson repleads the facts and claims he presented in his original complaint. I already concluded in the original screening order that these allegations state a claim upon which relief can be granted [DE 13]. And I specified in that order which claims Henderson properly raised in his original complaint—namely, that defendants (1) disregarded Henderson's medical pass and made him sleep on the floor without a mattress; (2) used excessive force; and (3) beat Henderson in retaliation for filing a grievance about they way had treated him [*Id*. at 5]. Henderson's proposed amended complaint does not state any substantively new claims. Notwithstanding that, in addition to the three counts asserted in his original complaint, Henderson adds a count for "[d]enial of immediate medical attention for seri[ou]s injuries inflicted upon Plaintiff" [DE 86-1 at 3]. So my findings in the original screening order as to which claims Henderson properly raised in his original complaint also apply to Henderson's proposed amended complaint.

What is new about the proposed amended complaint is the addition of Defendant Correctional Officers Strayer, Bales, Williams and Pickard [DE 86-1 at 2, ¶¶ 11-14], who were members of the response team on the day of the incident that gave rise to Henderson's claims [*Id*. at 6]. In his original complaint, Henderson asserted that when he got into an altercation that

2

day with defendants Phillips, Heishman, Brown, and Greis, an emergency response team was called to the scene [DE 1 at 6]. In the pending motion, Henderson asserts that he has now discovered the names of those response team members and wishes to add them as defendants [DE 86]. In their response brief, Defendants state that they "do not dispute that the changes Plaintiff wishes to make are a result of information obtained during discovery and do not have an objection to Plaintiff's request to file an amended complaint" [DE 89 at 1 ¶ 3].

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff's motion for leave to amend his complaint [DE 86], and **DIRECTS** the clerk to file the amended complaint [DE 86-1];

(2) **GRANTS** the Plaintiff leave to proceed against the Defendants for damages in their personal capacities;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** the Defendants to respond to the amended complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on defendants Strayer, Bales, Williams, and Pickard on the Plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on those defendants along with the summons and amended complaint.

**SO ORDERED.**

ENTERED: July 15, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT