UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUKE HENDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CAUSE NO. 3:09-CV-119 PS |
| CORRECTIONAL OFFICER PHILLIPS *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## **OPINION AND ORDER**

Duke Henderson is a state prisoner who alleges that correctional officers did not honor his medical pass for a bottom bunk, required him to sleep on the floor of his cell for fourteen days without a mattress, and then beat him savagely in retaliation for filing a grievance about the incident. I screened Henderson's complaint pursuant to 28 U.S.C. § 1915A and granted him leave to proceed against the Defendants for damages in their personal capacities on all of his claims (DE13). Henderson filed an amended complaint (DE 92), which replead his original claims and added the names of several defendants who he obtained through discovery.

The Defendants unsuccessfully sought summary judgment on the ground that Henderson failed to exhaust his administrative remedies before filing his complaint (DE 49). They have now filed a partial motion for summary judgment pursuant to Fed. R. Civ. P. 56, seeking judgment only on the "Plaintiff's claim regarding his sleeping on the floor" (DE 121 at 1). Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine

whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Henderson claims that on January 16, 2008, he was given a medical transfer from another facility to the Miami Correctional Facility ("MCF"). He alleges that when he was placed into general population at the MCF, correctional officers ignored his disability and medical need by disregarding his doctor's order that he be given a lower bunk (DE 92 at 3). In his deposition, Henderson stated that when he couldn't get a lower bunk he placed his mattress on the floor but that three correctional officers then removed his mattress from the cell, forcing him to sleep on the concrete floor (DE 121-1 at 8).

The Defendants do not contest that because of Henderson's medical condition a doctor gave him a medical pass for sleeping on a bottom bunk. Nor do they contest that MCF correctional officers refused to honor his bottom bunk pass and assigned him to an upper bunk he could not use. They also agree that when Henderson put his mattress on the floor they removed it from his cell, forcing him to sleep on the bare concrete floor. Here's how the defendants put it in their briefing: "Henderson slept on the floor without a mattress for approximately 14 days," though he "had a blanket while sleeping on the floor" (DE 123 at 3). These actions, according to Henderson, violate the Eighth Amendment.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the inmate's health or

safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see Wilson v. Seiter*, 501 U.S. 294 (1991) (clarifying that an 8th Amendment violation requires the inmate to show deliberate indifference to his serious medical needs).

The Defendants' partial motion for summary judgment is in the nature of a motion for judgment on the pleadings pursuant to Fed R. Civ. P. 12(c) because they do not contest the facts alleged by the Plaintiff's amended complaint; rather, they argue that these facts are insufficient to state a claim upon which relief can be granted. In support of the proposition that sleeping on the floor without a mattress for fourteen days does not violate the Eighth Amendment, the Defendants rely on several cases, but none of them mandate the conclusion that the defendants request. *See Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989) (holding that denial for three days of an inmate's request for dry bedding and clothing after water had accidentally been thrown on him did not rise to level of cognizable Eighth Amendment violation); *Rodgers v. Thomas*, 879 F.2d 380, 383-84 (8th Cir. 1989) (sleeping for five days on a mattress on the floor states no claim upon which relief can be granted); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (determining that prisoners do not have a constitutional right to elevated beds, and may be required to sleep on mattresses on the floor); and *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (finding that the fact that due to overcrowding a prisoner "temporarily had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation"). The Defendants also cite to *Lyons v. Powell*, 838 F.2d 28, 31 (1st Cir. 1988), in which the First Circuit held that a pretrial detainee who allegedly slept on a mattress on the floor for 27 days stated a Fourteenth Amendment due process claim upon which relief can be granted because it

might have been considered punishment, and pretrial detainees, unlike convicted prisoners, must be afforded due process before being punished.

When I screened Henderson's complaint and amended complaint, I concluded that forcing a disabled prisoner who could not use the top bunk to which the Defendants assigned him to sleep on the floor for fourteen days without a mattress, where a mattress was available, stated an Eighth Amendment claim upon which relief could be granted.  None of the cases cited by the Defendants deal with a prisoner who slept directly on the floor without a mattress, and none of those cases where the court found no Eighth Amendment claim to have been stated dealt with a period of time longer than five days.  Accordingly, none of the cases cited by the Defendants establishes, or even suggests, that the Defendants' conduct in forcing Henderson to sleep on the floor without a mattress for two weeks states no Eighth Amendment claim upon which relief can be granted.  Because I find that a reasonable factfinder could conclude that ignoring Henderson's medical pass and forcing him to sleep on the floor without a mattress for fourteen days violated the Eighth Amendment's prohibition against cruel and unusual punishments, I will deny the Defendants' partial motion for summary judgment.

For the foregoing reasons, the Defendants' partial motion for summary judgment (DE 121) is **DENIED**.  This matter is now set for a telephonic conference on October 25, 2012 at 9:00 am.  The purpose of the conference will be to discuss the scheduling of trial and the possible appointment of counsel for Mr. Henderson.

**SO ORDERED**.

ENTERED: October 17, 2012          s/ Philip P. Simon
                                    PHILIP P. SIMON, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT